UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDERICK O. SILVER,

        Plaintiff,

   v.

TRANSWORLD SYSTEMS INC., *et al.*,

        Defendants.

Case No. C25-1024-KKE

ORDER

    Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) In the IFP application, Plaintiff indicates that he has never been employed and has not received any financial assistance in the past twelve months. (*Id.* at 1.) He reports having $38.00 in cash on hand, no funds in checking or savings accounts, and no valuable property. (*Id.* at 2.) He also states he incurs monthly expenses totaling $1,860.00, including $680.00 to support his son. (*Id.*) Asked for any other information to explain why he cannot afford court fees, Plaintiff explains that he has not been able to find work. (*Id.*)

    The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the

ORDER - 1

claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

      Plaintiff's IFP application omits information necessary for the Court to determine whether he is able to afford court fees. Given that he reports no income and no savings, it is unclear how he can both support his son with $680.00 monthly and cover his own expenses. Without further clarification, Plaintiff should not be granted permission to proceed IFP.

      Accordingly, Plaintiff is ORDERED to show cause by **June 16, 2025**, why the Court should not recommend his IFP application be denied. In the alternative, on or before that date, Plaintiff may file an amended IFP application clarifying the matters noted above. The Clerk is directed to renote Plaintiff's IFP application (dkt. # 1) for **June 16, 2025**, and to send copies of this order to Plaintiff, along with a blank IFP application, and to the Honorable Kymberly K. Evanson.

      Dated this 2nd day of June, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2