Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FREDERICK O. SILVER, | NO. 2:25-cv-01024-KKE |
| Plaintiff, | **DEFENDANT TRANSWORLD SYSTEMS INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** |
| v. | |
| TRANSWORLD SYSTEMS INC., FRED EBRAHEMI, JOSEPH E. LAUGHLIN, MICHAEL M. PATRIARCA, JOEL PETERSEN, | |
| Defendants. | |

**DEFENDANT TRANSWORLD SYSTEMS INC.'S OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Defendant Transworld Systems Inc. ("TSI"), through counsel, submits this

Memorandum of Law in opposition to the Motion to Strike Affirmative Defenses (the

"Motion") filed by plaintiff Frederick O. Silver ("Plaintiff"), and states as follows:

**DEFENDANT TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE AFFIRMATIVE DEFENSES -** 1

## INTRODUCTION

Plaintiff has alleged in this action that TSI violated the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681 *et seq*., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S. C. § 1692, *et seq*., as a result of attempting to collect and credit reporting a debt. [Dkt. 1-1.] TSI (and co-defendants) filed an Answer and Affirmative Defenses denying the allegations and asserting defenses specific to the asserted claims. [Dkt. 23.] Plaintiff thereafter filed the instant Motion seeking to "strike certain affirmative defenses asserted by Transworld Systems Inc." [Dkt. 24.]

Plaintiff's Motion is frivolous and should be denied.

## LAW AND ARGUMENT

### A. Motions to Strike Affirmative Defenses are disfavored

As the Court is aware,

> Motions to strike affirmative defense are generally disfavored, but the court may strike defenses that fail to comply with the pleading requirements of Fed.R.Civ.P. 8(a) or are redundant of matters raised in the defendant's denial. *Renalds v. S.R.G. Restaurant Group,* 119 F.Supp.2d 800, 802 (N.D.Ill 2000). Furthermore, affirmative defenses must meet the standards of Fed.R.Civ.P.12(b)(6). Thus, when viewed in the light most favorable to the pleader, if the affirmative defense fails to state a claim upon which relief can be granted, it shall be dismissed. *Id.*

*MacLay v. M/V Sahara*, 926 F.Supp.2d 1209, 1217 (W.D. Wash. 2013). *See also U.S. v. Gibson Wine Co.*, 2016 WL 1626988, at * 4 (E.D. Ca. Apr. 25, 2016) ("[B]ecause of the limited importance of pleading affirmative defenses in federal practice and because they

**DEFENDANT TRANSWORLD SYSTEMS INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO**
**STRIKE AFFIRMATIVE DEFENSES** - 2

often needlessly extend litigation, broad motions to strike rarely avoid the expenditure of time and money and are generally disfavored.") (citations omitted); *Seattlehaunts, LLC v. Thomas Family Farm, LLC,* 2020 WL 5500373, at * 10 (W.D. Wash. Sept. 11, 2020) ("'In some cases, merely pleading the name of an affirmative defenses is sufficient.'") (citation omitted).

Generally, the burden lies with the party moving to strike, and given the disfavored nature of the relief, the burden on the moving party is formidable. *See Roamingwood Sewer & Water Ass'n v. Nat'l Diversified Sales, Inc.,* 509 F. Supp. 3d 198, 204 (M.D. Pa. 2020); *Red Lable Music Publ'g, Inc. v. Chila Prods.,* 388 F. Supp. 3d 975, 980 (N.D. Ill. 2019)*; United States ex rel. Dildine v. Pandya,* 389 F. Supp. 3d 1214, 1223 (N.D. Ga. 2019); *Gates v. District of Columbia,* 66 F. Supp. 3d 1, 27 (D.D.C. 2014). The moving party must show at least that the allegations bear no possible relation to the controversy, and many courts require, also, a showing of prejudice were the allegations to remain unstricken. *See Smith v. RB Distrib., Inc.,* 498 F. Supp. 3d 645, 654 (E.D. Pa. 2020); *Harvard v. Inch,* 411 F. Supp. 3d 1220, 1233 (N.D. Fla. 2019); *Birren v. Royal Caribbean Cruises, Ltd.,* 336 F.R.D. 688, 691-93 (S.D. Fla. 2020); *Oppenheimer v. City of Madeira*, 336 F.R.D. 559, 566 (S.D. Ohio 2020).

Further, defenses are only insufficient as a matter of law if they are not recognized defenses to the pleaded claim, could otherwise not succeed under any circumstances, or might confuse the issues in the lawsuit. *See Birren,* 336 F.R.D. at 691; *Nicholson v. Biomet, Inc.,* 363 F. Supp. 3d 931, 936 (N.D. Iowa 2019); *Hemlock Semiconductor*

**DEFENDANT TRANSWORLD SYSTEMS INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO**
**STRIKE AFFIRMATIVE DEFENSES -** 3

*Operations, LLC v. SolarWorld Indus. Sachsen GmbH,* 867 F.3d 692, 6978 (6th Cir. 2017); *U.S. v. Renda,* 709 F.3d 472, 479 (5th Cir. 2013); *Butcher v. City of Marysville,* 398 F. Supp. 3d 715, 728 (E.D. Cal. 2019); *Openshaw v. Cohen, Klingenstein & Marks, Inc.,* 320 F. Supp. 2d 357, 364 (D. Md. 2004); *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001); *U.S. v. Honeyewll Int'l, Inc.,* 841 F. Supp. 2d 112, 113 (D.D.C. 2012).

Ultimately, the moving party must show there is no question of fact or law which might allow the challenged defense to succeed.  *See Gadar v. Swissport USA, Inc.,* 492 F. Supp. 3d 54, 58-59 (E.D.N.Y. 2020); *Progressive Express Ins. Co. v. Star Painting & Waterproofing, Inc.,* 333 F.R.D. 600, 601 (S.D. Fla. 2019).  When considering the Motion to Strike, the court will construe the pleadings liberally in favor of the defendant.  *See E.E.O.C. v. Product Fabricators, Inc.,* 873 F. Supp. 2d 1093, 1097 (D.Minn. 2012); *Employers Ins. Co. of Wausau v. Crouse-Community Center, Inc.,* 489 F. Supp. 2d 176, 179 (N.D.N.Y. 2007).

Finally, "Even if a motion to strike is granted, leave to amend an affirmative defense to cure a pleading deficiency—or add a new affirmative defense—should be liberally granted in absence of prejudice to the opposing party."  *Gibson Wine Co.*, 2016 WL 1626988, at * 6.  (Citations omitted).

### B. Plaintiff has failed to present legal support to show there is no basis for TSI's defenses.

Plaintiff's Motion is irrefutably an AI-generated pleading that is bereft of reasoning and that relies upon a non-existent case citation.[1] It is a hodge-podge of legal propositions with no analysis and no application to the substance of TSI's defenses.

TSI's affirmative defenses are illustrative of a short and plain statement of their grounds and why TSI is entitled to relief (Fed. R. Civ. P. 8(a), and set forth a basis for relief to be granted in favor of TSI. Fed. R. Civ. P. 12(b)(6). Indeed:

(1) the defenses are specific; they are not a laundry list of bald, boilerplate affirmative defenses with no reference or relation to the allegations;

(2) plaintiff has asserted a claim under the FDCPA and seeks damages under section 1692k. Section 1692k of the FDCPA affords defendants a specific defense known as the *bona fide error* defense, which TSI is permitted to and has asserted. Plaintiff has fair notice of the issue involved, the defense is plausible, and plaintiff is not prejudiced by assertion of this defense;

---

[1] TSI was unable to find a *Gibson Wine Co.* case with the citation plaintiff provided, i.e., <u>2014 WL 1725591 (E.D. Cal. Apr. 30, 2014).</u> The *Gibson Wine Co.* case TSI located and has relied upon herein is supportive of TSI's contention that plaintiff must provide proof that TSI's defenses are legally insufficient, which they are not, and which plaintiff has failed to do. *Gibson Wine Co.*, 2016 WL 1626988.

**DEFENDANT TRANSWORLD SYSTEMS INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES - 5**

(3) TSI has denied the conduct attributed to it and thus has properly denied plaintiff has suffered actual damages because of TSI; and

(4) TSI did not assert a reservation of rights.

## **CONCLUSION**

In sum, all of TSI's affirmative defenses bear a relation and are recognized responses to the pleaded claims, and plaintiff cannot prove a legal basis otherwise or that he is prejudiced in any way by the defenses. Given the liberal standard for affirmative defenses and plaintiff's inability to satisfy his burden, all of TSI's defenses must be permitted, and plaintiff's Motion should be denied.

Respectfully Submitted this 8th of August, 2025,

/s/ Ryan W. Vollans
Ryan W. Vollans, WSBA #45302
WILLIAMS, KASTNER & GIBBS, PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-2781
Facsimile: (206) 628-6611
Email: rvollans@williamskastner.com

*Attorneys for Defendants,*
*Transworld Systems Inc., Fred Ebrahemi,*
*Joseph E. Laughlin, Michael M.*
*Patriarca, and Joel Petersen*

**DEFENDANT TRANSWORLD SYSTEMS INC.'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO**
**STRIKE AFFIRMATIVE DEFENSES - 6**

## <u>CERTIFICATE OF SERVICE</u>

The hereby certify that on August 8, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Western District of Washington and served on all parties and counsel of record via CM/ECF.

*/s/ Ryan W. Vollans*
Ryan W. Vollans

**DEFENDANT TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFF'S MOTION TO
STRIKE AFFIRMATIVE DEFENSES -** 7