1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK O. SILVER, | CASE NO. 2:25-cv-1024-JNW |
| Plaintiff, | ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES |
| v. | |
| TRANSWORLD SYSTEMS INC., FRED EBRAHEMI, JOSEPH E. LAUGHLIN, MICHAEL M. PATRIARCA, and JOEL PETERSEN, | |
| Defendants. | |

Plaintiff Frederick Silver sued Defendants, alleging they violated the Fair Credit Reporting Act (FCRA) and Fair Debt Collection Practices Act (FDCPA) in connection with their debt collection practices. Dkt. No. 9. Silver now asks the Court to strike certain of Defendant Transworld Systems, Inc.'s ("TSI") affirmative defenses, arguing they are legally insufficient and lack adequate factual support. Dkt. No. 24. The motion is not well-taken.

Affirmative defenses need not include extensive factual allegations; they must only provide fair notice of the nature of the defense being asserted. *See Baylis v. Valve Corp.*, No. C23-1653RSM, 2025 WL 2161451, at *1 (W.D. Wash. July 30,

ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES - 1

2025) ("An affirmative defense must be pled in such a way that plaintiffs have "fair notice" of the defense, which generally requires that defendants state the nature and grounds for the affirmative defense."). A party wishing to challenge the sufficiency of an affirmative defense may move to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (cleaned up). "Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits." *Advanced Hair Restoration LLC v. Bosely Inc.*, No. C23-1031-KKE, 2023 WL 9024196, at *5 (W.D. Wash. Dec. 29, 2023) (citing *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018)). On a motion to strike, the court "must take the facts as alleged by the non-moving party—here, the Defendants—as true for purposes of evaluating the adequacy of the challenged defense." *Ehart v. Lahaina Divers, Inc.*, 92 F.4th 844, 855 n.1 (9th Cir. 2024) (Collins, J., dissenting).

TSI has asserted twelve affirmative defenses in its answer. Dkt. No. 23. These defenses are not the type of boilerplate "laundry list" that courts sometimes strike. Rather, they are tailored to the specific claims asserted and provide adequate notice of TSI's grounds for defense. For example, TSI's first affirmative defense asserts the bona fide error defense available under 15 U.S.C. § 1692k(c), tracking the statutory language by alleging that any violations were "not

intentional and resulted from bona fide error notwithstanding the maintenance of

procedures reasonably adopted and specifically intended to avoid any such error."

Dkt. No. 23 at 5. This defense is both legally cognizable and adequately pleaded.

Silver's primary argument appears to be that TSI's defenses lack sufficient

factual detail. Dkt. No. 24 at 2. But this argument misapprehends the applicable

pleading standard discussed above. *See Baylis*, 2025 WL 2161451, at *1.

Silver also contends that some defenses, such as TSI's assertion that Silver

suffered no actual damages, are not proper affirmative defenses but merely denials.

Dkt. No. 24 at 2–3. Even accepting this characterization, such "negative defenses"

do not warrant striking where, as here, they do not prejudice the plaintiff or

unnecessarily complicate the litigation. *See, e.g.*, *Kohler v. Islands Rest., LP*, 280

F.R.D. 560, 567 (S.D. Cal. 2012) (declining to strike negative defense because

"[n]egative defenses may also be raised in [the] answer"); *Garity v. Donahoe*, No.

2:11-CV-01805-MMD, 2013 WL 4774761, at *3 (D. Nev. Sept. 4, 2013) ("The Court

fails to see the utility in striking a negative defense at this point, despite it being

mislabeled as an affirmative defense, without proof that it is legally insufficient.");

*John Doe 310 v. Archdiocese of Portland in Oregon*, No. 3:13-CV-822-PK, 2014 WL

1668151, at *3 (D. Or. Apr. 25, 2014) ("[T]here is no impropriety in pleading a

negative defense, however superfluous it may be to do so."). The existence of

statutory damages under both the FDCPA and FCRA does not render the defense

legally frivolous.

Finally, the Court notes that Silver's motion relies on "United States v.

Gibson Wine Co. , No. 1:11-CV-01303, 2014 WL 1725591, at *4 (E.D. Cal. Apr. 30,

ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES - 3

2014)," which appears to be a made-up case. Dkt. No. 24 at 2. TSI represents that it could not locate this case, Dkt. 26 at 5 n.1, and the Court's independent research confirms that no such case exists. This undermines confidence in Silver's legal analysis and suggests the motion may have been hastily prepared. More pointedly, citing non-existent legal authority is a serious matter that raises concerns under Federal Rule of Civil Procedure 11, which requires that legal arguments be warranted by existing law and that factual contentions have evidentiary support. All litigants—even parties representing themselves—are bound by Rule 11's commandments. Parties must verify the accuracy of their citations before filing papers with the Court. The proliferation of AI-generated content makes this verification step more important than ever. Silver is cautioned to use greater care in future filings.

In sum, Silver has not carried his burden required to strike TSI's affirmative defenses. Accordingly, Silver's Motion to Strike Affirmative Defenses, Dkt. No. 24, is DENIED.

Dated this 27th day of August, 2025.

Jamal N. Whitehead
United States District Judge

ORDER DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES - 4