UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK O. SILVER, | CASE NO. 2:25-cv-01024-JNW |
| Plaintiff, | ORDER |
| v. | |
| TRANSWORLD SYSTEMS INC., FRED EBRAHEMI, JOSEPH E. LAUGHLIN, MICHAEL M. PATRIARCA, and JOEL PETERSEN, | |
| Defendants. | |

## 1. INTRODUCTION

This matter comes before the Court on six pending motions. For the reasons stated below, the Court GRANTS Plaintiff Frederick Silver's motion to amend, Dkt. No. 58, but DENIES the remaining motions, Dkt. Nos. 42, 47, 49, 52, and 62.

## 2. BACKGROUND

Silver sues Defendants Transworld Systems Inc. ("Transworld"), Fred Ebrahemi, Joseph Laughlin, Michael Patriarca, and Joel Petersen, alleging they

ORDER - 1

violated the Fair Credit Reporting Act (FCRA) and Fair Debt Collection Practices Act (FDCPA) in connection with their debt collection practices. Dkt. No. 9.

Silver alleges that Transworld reported a debt to three major credit agencies—Equifax, Experian, and TransUnion. *Id.* ¶ 10. Silver then "sent [Transworld] a proper dispute and debt validation request," but Transworld allegedly "failed to conduct a reasonable investigation and continued to furnish inaccurate information to credit reporting agencies, in violation of its duties." *Id.* ¶¶ 16–17. Silver claims that, because Defendants willfully and negligently violated FCRA, they're liable under 15 U.S.C. §§ 1681n and 1681o. Silver also alleges Defendants violated FDCPA by continuing to collect a debt after Silver disputed it and by using deceptive collection practices. *Id.* ¶¶ 33–35.

## 3.   DISCUSSION

### 3.1   Silver's motion to amend is granted.

On March 16, 2026, Silver moved for leave to amend his complaint. Dkt. No. 58. Defendants oppose amendment, arguing it would be futile because Silver's FCRA and FDCPA claims are subject to dismissal. Dkt. No. 65.

Courts "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). As a result, courts generally grant leave to amend "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis*, 371

ORDER - 2

U.S. 178, 182 (1962). Of these factors, prejudice carries the greatest weight in the Court's analysis. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

Furthermore, because Silver proceeds pro se, the Court should not dismiss his complaint "without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

Defendants' opposition fails for two reasons. To start, Defendants responded seven days late. Silver moved to amend his complaint on March 16, 2026, making Defendants' response brief due March 31, 2026. LCR 7(d)(3). That said, Silver incorrectly noted his motion for March 27, 2026, and Defendants moved for—but did not receive—relief from the deadline before it lapsed. Dkt. No. 62.

Even if the Court overlooks these facts, Defendants' opposition fails on the merits. Defendants argue Silver's FDCPA claim will be dismissed because Silver's debt does not qualify under the statute, pointing to an attached exhibit purporting to show that the "obligation arose out of [Silver's] returned payment and penalties for failure to rectify the deficiency when he requested a driver history printout." Dkt. No. 52 at 5–6. As for the FCRA claim, Defendants contend that Silver alleges, without proof, that he notified the credit reporting agencies of his dispute and that the agencies in turn notified Transworld. Dkt. No. 65 at 7.

ORDER - 3

But proof is not required at the pleading stage. Absent bad faith, "[a] party should be afforded an opportunity to test [their] claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal." *Mahone v. Pierce Cnty.*, No. C10- 5847-RBL-KLS, 2011 WL 2009740, at *2 (W.D. Wash. May 23, 2011). Defendants' arguments rest mainly on extrinsic materials and on counsel's characterization of the evidence rather than on the face of the proposed pleading. On this record, the merits of Silver's proposed amendment do not appear to be so in doubt as to be futile or sought in bad faith. Defendants may challenge the sufficiency of Silver's claims through a motion to dismiss or summary judgment, but their challenges to Silver's Rule 15 motion are unpersuasive.

Thus, the Court grants Silver's motion to amend, Dkt. No. 58. Silver must file his proposed Amended Complaint, Dkt. No. 58 at 7–15, within seven days of this Order. The Court denies as moot Defendants' motion for an extension of time to respond to the motion to amend. Dkt. No. 62.

## 3.2   Defendants' motions for judgment on the pleadings are moot.

On January 9, 2026, Defendants moved for judgment on the pleadings. Dkt. No. 42. Specifically, Defendants asked the Court to enter judgment against Silver on his FCRA claim, while "reserv[ing] the right [to] file a future dispositive motion relative to [Silver's] Second Count[,]" under the FDCPA. *Id.* at 2. On March 9, 2026, two months later, Defendants filed a "memorandum of law in support of [their]

ORDER - 4

motion for judgment on the pleadings relative to plaintiff's [FDCPA] claim." Dkt. No. 52. The Court construes this second filing as an additional motion.[1]

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed." Generally, "an amended complaint supersedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Because the Court grants Silver leave to amend, the pleadings have not closed in this case. *See, e.g.,* *Lambert v. Huertas*, No. 319CV05980RJBJRC, 2020 WL 3618973, at \*5 (W.D. Wash. May 28, 2020), *report and recommendation adopted sub nom. Lambert v. Heurtas*, No. 19-5980 RJB-JRC, 2020 WL 3618980 (W.D. Wash. July 2, 2020). Accordingly, Defendants' motions, Dkt. Nos. 42, 52, are denied without prejudice as moot and premature.

### 3.3    Silver failed to meet and confer before moving to compel.

Local Civil Rule 37(a)(1) provides that:

> Any motion for an order compelling disclosure or discovery must include a certification . . . that the movant has in good faith conferred or attempted to confer with the . . . party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party . . . not making a disclosure or discovery **requires a face-to-face meeting or a telephone conference.**

---

[1] Defendants' two dispositive motions, Dkt. Nos. 42 and 52, violate LCR 7(b)(1) and 7(e)(4), which together require a party to present its dispositive arguments in a single motion absent leave of court. Any renewed Rule 12 challenge to the amended complaint must comply with these rules.

ORDER - 5

(emphasis added). This Court's chambers procedures also warn that "[t]he Court will deny or strike a discovery motion for failure to meet and confer in good faith." Chambers Procedures – Civil for United States Judge Jamal N. Whitehead of the Western District of Washington, § 3.1.

Silver's certification states only that he sent a "detailed email" and "followed up with other emails" regarding his discovery requests. Dkt. No. 49 at 2. He does not describe any efforts to meet face-to-face or via telephone conference. *See generally id.* Email exchanges, no matter how thorough, do not qualify as a good-faith effort under Local Civil Rule 37(a)(1). The Court thus denies the motion, Dkt. No. 49, without addressing the merits of the dispute.

Should Silver renew his motion, he must first request a telephone or video conference with defense counsel, propose specific dates and times in writing, and—if the parties cannot resolve the dispute—document those efforts in a certification that complies with LCR 37(a)(1). Defense counsel are reminded that the duty to confer is mutual; a party who refuses to engage in good faith may be subject to sanctions. *See* LCR 37(a)(1).

### 3.4    Silver's other motion is denied.

On February 5, 2026, Silver moved to require Defendants' pro hac vice attorney to file a "current certificate of good standing . . . in support of his appearance in this matter." Dkt. No. 47 at 1. Silver does not identify any rule or legal authority upon which he bases his request. *See generally id.* Defense counsel has attested to not being disbarred or subject to disciplinary proceedings, Dkt. No.

ORDER - 6

32 at 2, and was admitted by the Clerk of Court, Dkt. No. 34. *See* LCR 83.1(d)(1). The Court finds no reason to grant Silver's request and denies his motion, Dkt. No. 47.

### 4. CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

1. Silver's motion to amend, Dkt. No. 58, is GRANTED. Silver must file his proposed Amended Complaint, Dkt. No. 58 at 7–15, within seven days of this Order.

2. Defendants' motion for an extension of time to respond to Silver's motion to amend, Dkt. No. 62, is DENIED.

3. Defendants' motions for judgment on the pleadings, Dkt. Nos. 42, 52, are DENIED WITHOUT PREJUDICE as moot and premature.

4. Silver's motion regarding pro hac vice counsel's certificate of good standing, Dkt. No. 47, is DENIED.

5. Silver's motion to compel, Dkt. No. 49, is DENIED.

6. The current case schedule, Dkt. No. 46, remains in effect. If either party believes that adjustment is warranted in light of this Order, the parties must meet and confer and file an appropriate motion.

Dated this 28th day of April, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 7