UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDERICK O. SILVER,

Plaintiff,

v.

TRANSWORLD SYSTEMS INC.,

Defendant.

CASE NO. 2:25-cv-01024-JNW

ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM

This matter comes before the Court on Plaintiff Frederick O. Silver's motion for issuance of subpoena duces tecum under Federal Rule of Civil Procedure 45. Dkt. No. 73. Silver seeks two forms of relief.

First, Silver asks the Court to order the Clerk of Court to "issue the attached Rule 45 subpoenas . . . directed to three third-party consumer reporting agencies," Experian Information Solutions, Inc., Trans Union LLC, and Equifax Information Services LLC. *Id.* at 1. But leave of the Court is not required for Silver to obtain a subpoena. Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service.").

ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM - 1

Second, Silver moves for an order directing the United States Marshal to serve the subpoenas. Dkt. No. 73 at 1. Because Silver proceeds in forma pauperis (IFP), he is entitled to service of the subpoena by officers of the Court. 28 U.S.C. § 1915(d); *Barfield v. Lewis*, No. 3:21-CV-01099-RAJ-TLF, 2024 WL 2808003, at *7 (W.D. Wash. Apr. 4, 2024), *report and recommendation adopted*, No. 2:21-CV-01099-RAJ-TLF, 2024 WL 2802126 (W.D. Wash. May 28, 2024). Courts do not exercise this power lightly, however, given the demands that service by officers of the court places on judicial resources. *Id.*

Under Federal Rule of Civil Procedure 26, the Court must "[o]n motion or on its own," "limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Casterlow-Bey v. Trafford Publ'g Co.*, No. 17-5459 RJB, 2017 WL 11358483, at *2 (W.D. Wash. Oct. 30, 2017) (quoting Fed. R. Civ. P. 26(2)(C)(i)). Because service by the Marshal draws on the Court's own resources, the Court screens the proposed subpoenas for proportionality before committing those resources, and declines to authorize service where the discovery sought is available from a more convenient or less burdensome source. This is especially true when the litigant seeks service of a non-party subpoena by the United States Marshal. *Id.*

Here, Silver has not shown that the discovery he seeks from the non-party consumer reporting agencies must be obtained from those agencies rather than a less burdensome source. For example, Silver requests: "[a]ll dispute records submitted by Frederick O. Silver . . . regarding the Account, including the date of

ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM - 2

submission, method of submission, and the complete content of the dispute" as well as "All records reflecting [the reporting agency's] reinvestigation of any dispute submitted by Frederick O. Silver regarding the Account, including all internal notes, systems entries, communications, and conclusions reached during the reinvestigation." Dkt. No. 73 at 11.

Silver seeks these documents for his Fair Credit Reporting Act (FCRA) claim against Defendant Transworld Systems Inc. ("Transworld"), alleging that he "disputed the accuracy and completeness of the Nevada DMV tradeline with one or more [consumer reporting agencies,]" which reported his dispute to Transworld under 15 U.S.C. § 1681i(a)(2). Dkt. No. 68 ¶ 34. According to Silver, Transworld failed to conduct a reasonable investigation with respect to the disputed information. *Id.* ¶¶ 35–36.  Transworld denies that it ever "receive[d] notice of a dispute from one or more [credit reporting agencies.]" Dkt. No. 70 ¶¶ 35–38.

Silver does not explain why he cannot produce his own dispute records or use the written results of the reinvestigation reports the consumer reporting agencies were required to provide him. *See* 15 U.S.C. § 1681i (a)(6)(A) ("A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation . . . after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency."). Because Silver's discovery requests, as framed, seek information available from less burdensome sources, the Court denies his motion for service of the third-party subpoenas without prejudice to a renewed request, upon a showing that the information sought cannot be obtained from any party source.

ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM - 3

In sum, the Court ORDERS:

1.  Silver's motion for issuance of subpoena duces tecum and service by the United States Marshal, Dkt. No. 73, is DENIED without prejudice.

2.  The Clerk is directed to issue three subpoenas, in blank, to Silver.

Dated this 6th day of July, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM - 4