UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS INC. et al.,<br><br>Defendants. | CASE NO. 2:25-cv-01024-JNW<br><br>ORDER |

## 1. INTRODUCTION

This matter comes before the Court on Defendants Transworld Systems, Inc. ("Transworld"), and Fred Ebrahemi, Joseph Laughlin, Michael Patriarca, and Joel Petersen's (together, "Individual Defendants") motion for judgment on the pleadings. Dkt. No. 71. Also before the Court are Plaintiff Frederick Silver's motion for an expedited case schedule, Dkt. No. 72, and his combined surreply and cross motion for judgment on the pleadings, Dkt. No. 76. For the reasons below, the Court DENIES each motion.

## 2. BACKGROUND

Plaintiff Frederick Silver sues Defendants for allegedly violating the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA) in connection with their attempts to collect a debt Silver allegedly owed to the Nevada Department of Motor Vehicles (DMV). Dkt. No. 68 ¶¶ 21–39. In May 2025, Silver found that "a Nevada DMV-related tradeline had appeared on his consumer credit report" for a "past-due balance." *Id.* ¶ 9. Transworld attempted to collect Silver's past-due balance by "furnishing information" about it to credit reporting agencies. *Id.* ¶ 10. Silver sent Transworld a written dispute and request for validation. *Id.* ¶ 11. In response, Transworld allegedly failed to reasonably investigate the accuracy of the debt and continued to "collect an obligation that was not validly owed by [Silver]." *Id.* ¶¶ 28, 36.

## 3. LEGAL STANDARD

### 3.1 Federal Rule of Civil Procedure 12(c).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Courts apply the same standard to both. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

To survive a motion for judgment on the pleadings, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Twombly*, 550 U.S. at 555.

### 3.2 Incorporation of Defendants' Exhibit A.

Unlike motions for summary judgment where the entire evidentiary record is considered, when reviewing motions for judgment on the pleadings, the Court considers only (1) the pleadings, (2) documents incorporated by reference into the complaint, and (3) matters of judicial notice. *Watkins v. Wesley Homes,* No. 2:25-CV-00290-LK, 2026 WL 1649579, at *2 (W.D. Wash. June 8, 2026) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached[.]" *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Defendants seek to incorporate Exhibit A attached to their answer, which contains a copy of Transworld's response to Silver's request for validation and the receipt obtained from the DMV. Dkt. Nos. 70; 74 at 4–7. Silver does not object. Because both parties rely on the contents of this exhibit to argue elements of their case and neither party disputes its accuracy, the Court considers Exhibit A.

## 4. DISCUSSION

### 4.1 The Court denies Defendants' motion for judgment on the pleadings.

Defendants raise a singular, straightforward argument—specifically, they claim that the money Silver allegedly owes the Nevada DMV does not qualify as a "debt" under the FDCPA, and thus, Silver's FDCPA claim must be dismissed. Dkt. No. 71 at 4–6. That is an all-or-nothing position—the motion fails if any part of what Transworld tried to collect arose from a consumer transaction.

A "threshold issue" in an FDCPA case is whether the plaintiff owes a "consumer debt, as that phrase is defined by the FDCPA." *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001). The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Although the FDCPA does not define "transaction," the Ninth Circuit has held that the FDCPA applies only "to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004). Quoting the Eleventh Circuit's decision in *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998), *Turner* recited that "[w]hile we do not hold that every consensual or business dealing constitutes a 'transaction' triggering application of the FDCPA . . . at a minimum, a 'transaction' under the FDCPA must involve some kind of business dealing or other consensual obligation." *Turner*, 362 F.3d at 1227. The Ninth Circuit

adopted that reasoning as its own. *Id*. at 1228 ("We agree with this well-reasoned Eleventh Circuit opinion.").

Here, Silver alleges that he requested a printout of his driver history from the Nevada DMV, which cost $7. Dkt. No. 74 at 6. His receipt shows that he attempted to pay by ACH/E-check, but his payment was returned. Dkt. No. 74 at 6–7. As a result, the DMV imposed a returned item fee of $25 and a penalty of "not less than $100." *Id*. Transworld later reported a $132 past-due balance to Equifax, Experian, and TransUnion. Dkt. No. 72 at 2.

Defendants argue Silver did not negotiate the fee and penalty charged by the Nevada DMV for printing his driver history report, and thus, it was not a consensual transaction. Dkt. No. 71 at 5. But the FDCPA does not ask whether the buyer haggled. The Seventh Circuit made the point in a case Defendants themselves cite: "Parking in a lot that is open to all customers subject to stated charges is a 'transaction.'" *Franklin v. Parking Revenue Recovery Servs*., Inc., 832 F.3d 741, 743 (7th Cir. 2016). The lot there posted its price on a sign—take it or leave it—and the resulting obligation was a debt all the same. *Id*. at 742–45. Silver voluntarily requested the initial service—printing a driver history report—and accepted its stated price. It was not a tax or fine imposed upon him.

Defendants also point to Nevada law, which they say lets the DMV's director "charge and collect reasonable fees . . . from persons making use of files and records of the Department." Dkt. No. 75 at 2 (quoting Nev. Rev. Stat. Ann. § 481.063(1)). But a statute that authorizes a fee is not a statute that imposes one. Nevada requires no one to buy a driver history printout. Judge Bryan drew the same

distinction in *Dibb v. AllianceOne Receivables Management Inc.*, No. 14-5835 RJB, 2014 WL 10987392, at *3 (W.D. Wash. Dec. 16, 2014), when a collector argued that a debt arising from a bounced check written to the Department of Licensing fell outside the FDCPA because state law required vehicle registration. Not so, the court held—the statute made it unlawful only to operate an unregistered vehicle on a public highway, so "in exchange for the use of public roads, Plaintiffs agree to register their vehicles with the state," and "any resulting debt (here due to the returned check) is covered under the FDCPA." *Id.*

The cases upon which Defendants rely are distinguishable on this basis given that they involve traffic fines and mandatory service taxes. *See Calderon v. Linebarger Goggan Blair & Sampson LLP,* No. 3:22-CV-05962-DGE, 2023 WL 2584858, at *2 (W.D. Wash. Mar. 21, 2023) (holding that "traffic fines do not constitute 'debts' for purposes of the FDCPA"); *Morrow v. Smith Rouchon & Assocs., Inc.,* No. 3:19-CV-01094-AKK, 2019 WL 6896190, at *3 (N.D. Ala. Dec. 18, 2019) (holding that "because . . . the garbage collection fees [at issue] are mandatory, rather than contractual, and are therefore more akin to a tax," they are not covered by the FDCPA).

The Court decides no more than this motion requires. Defendants have not shown that Silver's obligation falls outside § 1692a(5) as a matter of law, so Count I survives. The Court does not decide whether the obligation is a "debt," or whether the $25 fee or the $100 penalty would qualify on its own. Those questions await a fuller record.

### 4.2 Silver's related requests are denied.

Among his numerous filings, Silver asks for several different forms of relief. First, he seeks an expedited case schedule with respect to his FCRA claim. Dkt. No. 72 at 6–7. Silver does not present good cause to alter the case schedule, so that request is DENIED. *See* Fed. R. Civ. P. 16(b).

Second, Silver filed a single document labeled "Part One," a surreply, and "Part Two," a cross motion for judgment on the pleadings. In it, Silver further argues his points against Defendants' motion for judgment on the pleadings and asks the Court to "enter judgment in [his] favor on the threshold question that the Nevada DMV Driver History Printout obligation constitutes a 'debt' within the meaning of 15 U.S.C. § 1692a(5)[.]" Dkt. No. 76 at 7. Neither part works.

Silver's surreply is procedurally improper under the Local Civil Rules. LCR 7(g)(2) (A "party may file a surreply requesting that the court strike the material [contained in or attached to a reply brief] . . . strictly limited to addressing the request to strike. Extraneous argument or a surreply filed for any other reason will not be considered."). Silver asks the Court to strike nothing, arguing the merits only. Accordingly, the Court does not consider Part One.

Nor has the cross motion properly come before the Court. A party filing a cross motion "must note it in accordance with the local rules." LCR 7(k). Motions must be noted, LCR 7(d), and a motion for judgment on the pleadings must be noted no earlier than 28 days after filing, LCR 7(d)(4). Silver noted Dkt. No. 76 for no date at all. His cross motion is thus DENIED.

Defendants responded to Part Two. Dkt. No. 77. Silver's combined filing created the ambiguity that prompted that filing since a surreply draws no response, LCR 7(g)(4), while a cross motion calls for one, LCR 7(d)(4). Given how the Court resolves the cross motion, it need not reach Dkt. No. 77.

## 5. CONCLUSION

In sum, the Court ORDERS as follows:

1. Defendants' motion for judgment on the pleadings, Dkt. No. 71, is DENIED.
2. Silver's motion for an expedited case schedule, Dkt. No. 72, is DENIED.
3. Silver's cross motion for judgment on the pleadings, Dkt. No. 76, is DENIED.

Dated this 20th day of July, 2026.

Jamal N. Whitehead
United States District Judge